IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN-PIERRE BANEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:06-CV-2064-L (BH) |
| | § | |
| ALBERTO GONZALES, et al. | § | |
| | § | |
| Defendants. | § | Pretrial Management |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS

Pursuant to the District Court's *Standing Order of Reference*, filed January 22, 2007, this case was referred to this Court for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations to the District Court on dispositive motions. Before the Court are the following pleadings:

(1)  *Defendants' Motion to Dismiss* ("Mot."), filed January 19, 2007;

(2)  *Appendix in Support of Defendants' Motion to Dismiss* ("App."), filed January 19, 2007; and

(3)  Plaintiff's *Motion to Deny Defendant's Motion to Dismiss* ("Resp."), filed February 8, 2007.

Having reviewed the pertinent filings above and the law applicable to the issues raised, the Court finds that Defendants' *Motion to Dismiss* should be **GRANTED** in part and **DENIED** in part.

### I. BACKGROUND

Mr. John-Pierre Baney ("Plaintiff") is currently, and has been at all times relevant to his complaint, employed as a Cook Supervisor at the Federal Correctional Institution in Seagoville, Texas ("FCI Seagoville"). On September 17, 2001, Plaintiff was called up for active duty in the

Coast Guard following the events of September 11, 2001. *Complaint*, *Baney v. Gonzales*, 3:06-CV-2064-L, at 3 (N.D. Tex. filed Nov. 8, 2006) (hereinafter, "Compl."). While away from FCI Seagoville, Plaintiff alleges that the agency's personnel department discriminated against him based on his race (Caucasian).

Plaintiff filed a formal complaint of discrimination on February 18, 2003, alleging that (1) he was accused of falsifying government documents on or about October 1, 2002; (2) he was placed on Absent Without Leave (AWOL) status on or about November 1, 2002; (3) his medical, dental, and life insurance benefits were stopped or removed in December 2002 and January 2003; (4) his annual leave was taken back on October 1, 2002, and his sick leave was stopped in November 1, 2002; and (5) his seniority in the work schedule was removed. (Compl. at 4; Resp. at 2.) At the conclusion of the investigation, Plaintiff timely requested a hearing before an Equal Employment Opportunity Commission (EEOC) Administrative Judge. (Compl. at 4.) The EEOC Administrative Judge assigned to the case determined *sua sponte* that the complaint did not warrant a hearing, and over Plaintiff's objections, issued a decision without a hearing on May 12, 2005, finding that Plaintiff failed to prove he was subjected to the alleged discrimination. *Id*. at 3-4. The agency issued a final order on July 8, 2005, adopting the administrative judge's finding. (*Id*.)

Plaintiff appealed the agency's decision on July 29, 2005. (*Id*. at 3.) He restated his allegations of discrimination and argued that he was wrongfully denied a hearing. (*Id*. at 4.) On August 9, 2006, the Commission agreed with the administrative judge's finding for the agency without a hearing and affirmed the agency's decision. (*Id*. at 3-9.)

On November 8, 2006, Plaintiff filed the instant action. His Complaint states in part, "Criminal and Civil Rights Violation" and attaches the EEOC's August 9, 2006 decision. The Court

construes Plaintiff's Complaint to be an appeal of the EEOC decision. Plaintiff also alleges discrimination and retaliation because of his military status and cites the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). On November 20, 2006, Plaintiff filed an amended complaint adding "No FEAR Act (anti-discrimination and retaliation)" and "Whistleblower Act" to the causes of action asserted in his initial complaint.

On January 19, 2007, Defendants filed a motion to dismiss Plaintiff's Title VII and USERRA claims pursuant to Federal Rule of Procedure 12(b)(1) and 12(b)(6); they do not move for dismissal for Plaintiff's claims under the No Fear Act or the Whistleblower Act. Plaintiff filed his response on February 8, 2007.

## II. RULE 12(b)(1) MOTION

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *See Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim. *Home Builders Assoc., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977). Considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* When the court dismisses for lack of subject matter jurisdiction, that dismissal "is not a determination of the merits and does not prevent the plaintiff from pursuing a

claim in a court that does have proper jurisdiction." *Id.*

The Fifth Circuit recognizes a distinction between a "facial attack" and a "factual attack" upon a complaint's subject matter jurisdiction. *See Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998). "A facial attack requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction" by examining the allegations in the complaint, which are presumed to be true. *See id.* (citation omitted). A facial attack usually occurs early in the proceedings and directs the court's attention only to "the sufficiency of the allegations in the complaint because they are presumed to be true." *Patterson v. Weinberger,* 644 F. 2d 521, 523 (5th Cir. 1998). If sufficient, those allegations alone provide jurisdiction. However, if the defendant supports the motion with evidence, then the attack is factual, and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). In a factual attack, matters outside the pleadings, such as testimony and affidavits, may be considered. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Moreover, a factual attack may occur at any stage of the proceedings. *Id.* Regardless of the nature of the attack, "[t]he plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Rodriguez*, 992 F. Supp. at 879. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders*, 143 F.3d at 1010 (5th Cir.1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)).

Defendants support their motion with evidence. Because this is a factual attack, deciding the issues raised by the parties requires the Court to resolve disputed factual matters outside the pleadings. Accordingly, no presumption of truth attaches to Plaintiff's factual allegations when considering

whether to dismiss his claims pursuant to Rule 12(b)(1). *See Williamson*, 645 F. 2d at 412.

## A. Title VII Claims

Plaintiff alleges that the personnel department at FCI Seagoville discriminated against him based on his race when he was called for active duty in the Coast Guard following the events of September 11, 2001. (Compl. at 3.) Defendants assert the Court lacks jurisdiction over Plaintiff's Title VII claims because he failed to exhaust his administrative remedies by not contacting his EEO counselor within 45 days of the allegedly discriminatory event. (Mot. at 7-8.) This assertion, however, is premised on the assumption that exhaustion of administrative remedies implicates subject matter jurisdiction and does not consider the disagreement within the Fifth Circuit over this issue.

The Fifth Circuit recognizes "there is disagreement in this circuit on whether a Title-VII prerequisite, such as exhaustion, is merely a prerequisite to suit, and thus subject to waiver and estoppel, or whether it is a requirement that implicates subject matter jurisdiction." *Pacheco v. Mineta*, 448 F.3d 783, n. 7 (5th Cir. 2006). Courts in this district have held that "[e]xhaustion of administrative remedies is a statutory condition precedent to maintaining a Title VII action in district court, not a jurisdictional prerequisite." *Gates v. City of Dallas, Texas*, 1997 WL 405144, at *1 (N.D. Tex. July 15, 1997) (Fitzwater, J.) (citing *Pinkard v. Pullman-Standard, Inc.*, 678 F.2d 1211, 1218-19 (5th Cir. Unit B 1982) (per curiam); *see also Dixon v. Moore Wallace, Inc.*, 2006 WL 1949501, at *7 n. 12 (N.D. Tex. July 13, 2006) (Fitzwater, J.) (adhering to recent decisions holding that exhaustion is not jurisdictional); *Teemac v. Potter*, 2001 WL 1135392 (N.D. Tex. Sep. 20, 2001) (Fish, C.J.) (treating failure to exhaust administrative remedies as a prerequisite to suit). "Because the failure to exhaust is a condition precedent rather than a jurisdictional prerequisite, a motion to dismiss based on such a failure is properly filed pursuant to Rule 12(b)(6) rather than

Rule 12(b)(1)." *Gates*, 1997 WL 405144, at *1. The Court thus addresses Plaintiff's Title VII claims under Defendants' motion to dismiss pursuant to Rule 12(b)(6).

### *B. USERRA Claim*

Plaintiff states in his Complaint that the personnel department at FCI Seagoville discriminated against him based on his military status in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"). (Compl. at 1.) Defendants assert that this Court lacks jurisdiction to hear Plaintiff's USERRA claims. (Mot. at 8-9.)

The USERRA prohibits discrimination against persons because of their service in the Armed Forces, the Army National Guard, and the Air National Guard. 38 U.S.C. §§ 4301, 4303(16). Federal, state, and private employers cannot deny any benefit of employment on the basis of an individual's membership, application for membership, performance of service, application for service, or obligation for service in the uniformed services. *Id*. at §§ 4303(4), 4311. The Secretary of Labor, through the Department of Labor's Veterans Employment and Training Service, is primarily responsible for enforcing and executing the provisions of USERRA. *Id*. at § 4322(a).

If the efforts of the Secretary do not resolve the complaint, the complainant may file suit. The jurisdiction for any action depends upon the type of employer and whether the Attorney General participates in the action. In the case of an action against a State (as an employer) or private employer commenced by the United States, the district courts of the United States have jurisdiction. *Id*. at § 4323(b)(1). In the case of an action against a State by a person, the action may be brought in a State court; in the case of an action against a private employer by a person, the district courts of the United States have jurisdiction. *Id*. at § 4323(b)(2) and (3). With respect to

actions against federal executive agencies, unresolved complaints are referred for litigation before the Merit Systems Protection Board ("MSPB") upon the complainant's request. *Id*. at § 4324(a). A person adversely affected by a final order of the MSPB may petition the United States Court of Appeals for the Federal Circuit to review the final order or decision. *Id*. at § 4324(d)(1).

In the case before the Court, Plaintiff, a federal employee, alleges discriminatory actions in violation of the USERRA against the Department of Justice, a federal executive agency. Plaintiff unsuccessfully litigated before the MSPB and received an adverse decision on August 19, 2006. (*See* Compl. at 13.) Plaintiff now seeks review of the MSPB's decision in the District Court. This course of action is prohibited since the USERRA provides the Court of Appeals for the Federal Circuit, not the district courts, with jurisdiction over complaints by federal employees. 38 U.S.C. § 4324(d)((1). Moreover, Plaintiff's petition for review of the adverse MSPB decision is currently pending before the Court of Appeals for the Federal Circuit. (*See* Compl. at 13.) Accordingly, Plaintiff's USERRA claims should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. *Johnson v. Director, Office of Workers Compensation*, 2001 WL 1116788, at *1 (9th Cir. 2001) (determining that court lacks jurisdiction to review USERRA complaint from a federal employee because the Federal Circuit has appellate review of MSPB decisions).

### III. RULE 12(b)(6) MOTION

Defendants also move to dismiss Plaintiff's Title VII claims pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Mot. at 9-10.)

Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d at 196 (5th Cir. 1996);

*Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-plead facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-plead facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. A court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Taylor v. Maple Ave. Econ. Dev. Corp.,* 2002 WL 1758189 *3, *citing Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996) . "The court may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam).

The Court returns to Plaintiff's Title VII claims, and, in accordance with the deferential standard applied to *pro se* litigants facing Rule 12(b)(6) motions to dismiss, views the claims in the light most favorable to Plaintiff.

### A. *Proper Party Defendant*

In addition to Attorney General Alberto Gonzales, Plaintiff names sixteen other individuals as defendants in this suit. However, the proper defendant in a Title VII action by an employee of a federal executive agency is the "head of the department, agency, or unit, as appropriate." 42 U.S.C. § 2000e-16(c). Thus, as the head of the Agency that oversees the Federal Bureau of Prisons, Attorney General Gonzales in his official capacity is the only proper defendant in the instant action. *See Skoczylas v. Fed. Bureau of Prisons*, 961 F.2d 543, 544 (5th Cir. 1992); *see also Honeycutt v. Long,* 861 F.2d 1346, 1349 (5th Cir. 1988) (proper defendant in employment discrimination action against federal agency is "head of the department, agency, or unit, as appropriate"). Accordingly, all Title VII claims against the sixteen named individual defendants should be dismissed with prejudice. *See Wright v. U.S. Postal Service,* 344 F. Supp. 956, 961 (M.D. La. 2004) (dismissing discrimination claims against two former supervisors); *Turner v. Lee*, 1999 WL 155706 (N.D. Tex. Mar. 11, 1999) (dismissing Title VII claims against individual supervisor as improper defendant).

### B. **Failure to Exhaust Administrative Remedies**

Title VII of the Civil Rights Act prohibits discrimination against "any individual with respect to compensation, terms, conditions or privileges of employment because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2; *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 796 (1973). Prior to filing suit in federal court, Title VII specifically requires a federal employee claiming discrimination to exhaust administrative remedies. *Randel v. U.S. Dept. of Navy*, 157 F.3d 392, 395 (5th Cir. 1998). To properly exhaust the administrative remedies, a complainant must initiate contact and request informal counseling from an agency EEO counselor within 45 days of the date of the matter alleged to be

discriminatory. *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002); 29 C.F.R. § 1614.105(a)(1). Time periods prescribed by Title VII, such as the 45-day period, commence when a plaintiff is notified of a discriminatory action, not when the consequences of the decision become most painful. *See Delaware State College v. Ricks*, 449 U.S. 250, 258 (1980).

Both the relevant statute and case law provide extensions of the 45-day period under limited circumstances. The 45-day period must be extended if the complainant shows that he was not notified of the time limits and was not otherwise aware of them; he did not know and reasonably should not have known when the discriminatory matter occurred; despite due diligence he was prevented by circumstances beyond his control from contacting the counselor within the time limits; or for other reasons considered sufficient by the agency or the Commission. 29 C.F.R. § 1614.105(a)(2). The Fifth Circuit has recognized that the 45-day time limit "is subject to the traditional equitable defenses of waiver, estoppel, and equitable tolling." *Pacheco*, 966 F.2d at 906. However, equitable tolling applies only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The plaintiff bears the burden of establishing that equitable tolling is justified in a particular case. *Wilson v. Sec'y, Dept. of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995).

In the instant case, Defendants assert that Plaintiff did not exhaust administrative remedies for his Title VII claims regarding the falsification of documents, his AWOL status, his annual and sick leave, and the loss of seniority because he did not initiate the pre-complaint process within 45 days of the date of the matters alleged to be discriminatory. (Mot. at 7-8.) Specifically, Defendants claim that the allegedly discriminatory acts for the falsification of documents, Plaintiff's AWOL status, and annual and sick leave occurred in October and November of 2002, but that Plaintiff did

not contact an EEO counselor until January 17, 2003, well beyond the 45-day time limit. (*Id*. at 7.) Defendants further assert that Plaintiff failed to state when he lost his seniority; because of this failure to properly plead exhaustion of administrative remedies, Defendants urge the Court to dismiss this issue for failure to timely contact an EEO Counselor. (*Id*. at 8.)

In support of their assertion that Plaintiff did not exhaust administrative remedies, Defendants refer the Court to Plaintiff's June 19, 2003 and September 17, 2003 sworn statements before the EEO counselor. (Mot. at 9) (citing Mot. App. at 1-103.) However, under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d at 196 (5th Cir. 1996). Plaintiff's complaint alleges that he was on active military duty in Galveston, Texas, as part of his commitment to the Coast Guard Reserves during the time of the events in question. (Compl. at 3.) Since his complaint alleges that he was away from his place of full-time employment, the Court cannot conclude as a matter of law that none of the exceptions provided for by 29 U.S.C. § 1614.105(a)(2) or a defense such as equitable tolling might apply. Dismissal of Plaintiff's Title VII claims for failure to exhaust administrative remedies is therefore not appropriate under Rule 12(b)(6).

## *C. Failure to State a Claim Upon Which Relief Can Be Granted*

Defendants' final assertion in support of dismissal is that Plaintiff cannot establish that he suffered an adverse personnel action. (Mot. at 9.) In support of their claim that Plaintiff has not alleged that his employment status or specific working conditions were altered, Defendants refer the Court to Plaintiff's sworn statements before the EEO counselor. (*Id*. at 8-9.) Since the Court cannot look beyond the face of the pleadings in deciding a Rule 12(b)(6) motion, the Court determines that Plaintiff's Complaint states five specific instances in which he believes individuals

at the personnel department discriminated against him on the basis of his race in violation of the provisions of Title VII. (Compl. at 4; Resp. at 2.) Accordingly, Plaintiff has stated a claim for which relief can be granted, and dismissal of his Title VII claims pursuant to Rule 12(b)(6) is not warranted.

### III.  CONCLUSION

For the reasons stated above, the Court recommends that Defendants' *Motion to Dismiss* be **GRANTED** in part and **DENIED** in part. The Court recommends that:

(1)  Defendants' *Motion to Dismiss* Plaintiff's USERRA claim be **GRANTED**, and that this claim be **DISMISSED** without prejudice pursuant to Rule 12(b)(1);

(2)  Defendants' *Motion to Dismiss* all Title VII claims against all of the named defendants other than Attorney General Alberto Gonzales be **GRANTED**, and that these claims be **DISMISSED** with prejudice pursuant to Rule 12(b)(6); and

(3)  Defendants' *Motion to Dismiss* Plaintiff's Title VII claims against Attorney General Alberto Gonzales be **DENIED**.

**SO RECOMMENDED** on this 24th day of May, 2007.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985)*; Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE