**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOHN-PIERRE BANEY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:06-CV-2064-L (BH) |
| | § | |
| **ALBERTO GONZALES, et al.** | § | |
| | § | |
| Defendants. | § | Pretrial Management |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS

Pursuant to the District Court's *Standing Order of Reference*, filed January 22, 2007, this case was referred to this Court for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations to the District Court on dispositive motions. Before the Court is Plaintiff's *Motion to Request to Enter Default Judgment*, filed May 30, 2007, and *Request to Enter Default*, filed May 31, 2007.

### I.  RELEVANT PROCEDURAL HISTORY

Mr. John-Pierre Baney ("Plaintiff") is currently, and has been at all times relevant to his complaint, employed as a Cook Supervisor at the Federal Correctional Institution in Seagoville, Texas ("FCI Seagoville"). Plaintiff filed the instant action on November 8, 2006, which the Court construes as an appeal of an unfavorable decision by the Equal Employment Opportunity Commission regarding Plaintiff's claims of alleged employment discrimination. Plaintiff also alleges discrimination and retaliation based on his military status and cites the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). On November 20, 2006, Plaintiff filed an amended complaint adding "No FEAR Act (anti-discrimination and retaliation)" and

"Whistleblower Act" to the causes of action asserted in his initial complaint. On January 19, 2007, Defendants filed a motion to dismiss Plaintiff's Title VII and USERRA claims[1] pursuant to Federal Rule of Procedure 12(b)(1) and 12(b)(6). Plaintiff filed the instant *Motion to Request to Enter Default Judgment* on May 30, 2007, and *Request to Enter Default* on May 31, 2007. The two pleadings allege that Defendants have failed to plead or otherwise defend against Plaintiff's action and seek relief pursuant to Rule 55(a).

## II. ANALYSIS

Plaintiff requests the Court to enter a default judgment against Defendants because they have not responded to the Court's summons within 60 days of service.

> A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An entry of default is what the clerk enters when the default is established by affidavit or otherwise. After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a default judgment.

*New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (citing FED. R. CIV. P. 55(a)).

In the instant case, no such default occurred because Defendants properly responded to Plaintiff's initial complaint by filing a motion to dismiss pursuant to Federal Rules of Procedure 12(b)(1) and 12(b)(6) within the time period established by this Court. Rule 12(b) provides that:

> Every defense, in law or fact, to a claim for relief in any pleading. . .shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter. . .(6) failure to state a claim upon which relief can be granted. . . . A motion making any of these defenses shall be made before pleading if a further pleading is permitted.

FED. R. CIV. P. 12(b). Thus, it is plain from the Federal Rules of Civil Procedure that Defendants

---

[1] Defendants did not move for dismissal for Plaintiff's claims under the No Fear Act or the Whistleblower Act and have not answered these claims.

properly made a motion to dismiss, which was required before any pleading. Since Defendants made the motion to dismiss within sixty days of service of process, they are not in default.[2]

Finally, Plaintiff requests a formal hearing before the Court. Local Rule 7.1(g) provides that "[u]nless otherwise directed by the presiding judge, oral argument on a motion will not be held." Given the early stage of the proceedings before the Court and the nature of relief sought, the Court determines that oral argument is not necessary.

For the reasons stated above, the Court recommends that Plaintiff's *Motion to Request to Enter Default Judgment* and *Request to Enter Default* be **DENIED**.

**SO RECOMMENDED** on this 4th day of June, 2007.

*[signature]*
**IRMA CARRILLO RAMIREZ**
**UNITED STATES MAGISTRATE JUDGE**

---

[2]The Court notes that even if Defendants had not filed their motion to dismiss, Rule 55(e) provides that "[n]o judgment by default shall be entered against the United States or any officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court. FED. R. CIV. P. 55(e). Plaintiff has not established such a claim or right to relief.

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985)*; Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE