**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JOHN-PIERRE BANEY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:06-CV-2064-L (BH)** |
| | § | |
| **ALBERTO GONZALES,** | § | |
| | § | |
| **Defendant.** | § | **Pretrial Management** |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS

Pursuant to the District Court's *Standing Order of Reference*, filed January 22, 2007, this case was referred to this Court for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations to the District Court on dispositive motions. Before the Court are the following:

(1) *Defendant's Second Motion to Dismiss and Motion for Summary Judgment* ("Mot."), filed July 2, 2007;

(2) *Defendant's Supplemental Brief* ("Def. Supp. Br."), filed November 13, 2007;

(3) Plaintiff's *Supplemental Briefing of the Response to a Motion for Summary Judgment* ("Pl. Supp. Br."), filed November 14, 2007;

(4) Plaintiff's *Additional Evidence* ("Pl. App."), filed November 14, 2007;

(5) *Defendant's Reply to Plaintiff's Submission of Additional Evidence* ("Reply"), filed November 26, 2007; and

(6) Plaintiff's *Motion to Deny Second Motion to Dismiss and Deny Motion for Summary Judgment*, filed December 5, 2007.

Having reviewed the pertinent filings above and the law applicable to the issues raised, the Court finds that *Defendant's Second Motion to Dismiss and Motion for Summary Judgment* should be

**GRANTED** in part, and **DENIED** in part, and Plaintiff's *Motion to Deny Second Motion to Dismiss and Deny Motion for Summary Judgment* should be **DENIED.** Plaintiff's requests for additional time and for appointment of counsel, included in his motion, are hereby **DENIED.**

## I. BACKGROUND

John-Pierre Baney ("Plaintiff") is currently, and has been at all times relevant to his complaint, employed as a Cook Supervisor at the Federal Correctional Institution in Seagoville, Texas ("FCI Seagoville"). On September 17, 2001, Plaintiff was called up for active duty in the Coast Guard following the events of September 11, 2001. *Complaint*, *Baney v. Gonzales*, 3:06-CV-2064-L, at 3 (N.D. Tex. filed Nov. 8, 2006) (hereinafter, "Compl."). During this time, Plaintiff was in occasional contact with Jerry Heftler, his supervisor at FCI Seagoville, and with Johanna Lynne Rhodes, the administrative assistant for the food services department at FCI Seagoville. (*See e.g.*, Pl. App. at Ex. 58, p. 24; Pl. App. at Ex. 59, p. 26). Plaintiff remained on active duty at the Coast Guard base in Galveston, Texas, through September 30, 2002. (Mot. at Ex. 12, p.1). From October 1 through December 20, 2002, Plaintiff alternated between active and inactive duty training. On December 20, 2002, Plaintiff was demobilized from the Coast Guard and returned to his regular work at FCI Seagoville. (Mot. at Ex.12, p. 1-2). While away from FCI Seagoville, Plaintiff alleges that the agency's personnel department discriminated against him based on his race (Caucasian).[1]

Plaintiff contacted his Equal Employment Opportunity ("EEO") counselor on January 17, 2003, and filed a formal complaint of discrimination on February 18, 2003. (Mot. at Ex. 16, p. 2). His EEO complaint alleges that he was discriminated against on the basis of race when: (1) he was accused of falsifying government documents on or about October 1, 2002; (2) he was placed on

---

[1]The EEOC appeal identifies Plaintiff's race as African-American. (Compl. at 4).

Absent Without Leave (AWOL) status on or about November 1, 2002; (3) his medical, dental, and life insurance benefits were stopped or removed in December 2002 and January 2003; (4) his annual leave was taken back on October 1, 2002, and his sick leave was stopped on November 1, 2002; and (5) his seniority in the work schedule was removed. (Compl. at 4). At the conclusion of the investigation, Plaintiff timely requested a hearing before an Equal Employment Opportunity Commission (EEOC) Administrative Judge. *Id*. The EEOC Administrative Judge assigned to the case determined *sua sponte* that the complaint did not warrant a hearing, and over Plaintiff's objections, issued a decision on May 12, 2005, finding that Plaintiff failed to prove he was subjected to the alleged discrimination. (*Id*. at 3-4). The agency issued a final order adopting the administrative judge's finding on July 8, 2005. *Id*.

Plaintiff appealed the agency's decision on July 29, 2005. (*Id*. at 3). He restated his allegations of discrimination on the basis of race and argued that he was wrongfully denied a hearing. (*Id*. at 4). On August 9, 2006, the Commission agreed with the administrative judge's finding for the agency without a hearing and affirmed the agency's decision. (*Id*. at 3-9).

On November 8, 2006, Plaintiff filed the instant action *pro se*. His complaint states in part, "Criminal and Civil Rights Violation" and attaches the EEOC's August 9, 2006 decision. The Court construes Plaintiff's complaint to be an appeal of the EEOC decision. Plaintiff also alleges discrimination and retaliation because of his military status and cites the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). On November 20, 2006, Plaintiff filed an amended complaint adding "No FEAR Act (anti-discrimination and retaliation)" and "Whistleblower Act" to the causes of action asserted in his initial complaint. *Amended Complaint*, *Baney v. Gonzales*, 3:06-CV-2064-L, at 2 (N.D. Tex. filed Nov. 20, 2006) (hereinafter, "Amend.

Compl.")

On June 27, 2007, the District Court accepted a recommendation to dismiss Plaintiff's USERRA claims pursuant to Rule 12(b)(1) and to dismiss Plaintiff's Title VII claims against all defendants except Attorney General Alberto Gonzalez ("Defendant") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] *Baney v. Gonzales*, 2007 WL 1944462, at *8 (N.D. Tex. June 27, 2007). On July 2, 2007, Defendant filed the instant motion seeking dismissal of Plaintiff's Whistleblower and No Fear claims under Rule 12(b) and summary judgment on the Title VII claim against Attorney General Gonzales. Plaintiff did not file a response to the motion. This Court held a hearing on November 6, 2007, to clarify the bases of Defendant's motion. The parties submitted supplemental briefs and evidence after the hearing, and the motion is now fully ripe for determination.

## II. MOTION TO DISMISS

Defendant initially moved for dismissal of Plaintiff's Whistleblower Protection Act ("WPA") and No Fear Act claims pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. (Mot. at 6-8). At the November 6, 2007 hearing and in his supplemental brief, Defendant urged this Court to convert *sua sponte* his Rule 12(b)(1) motions to Rule 12(b)(6) motions for failure to state a claim. (Def. Supp. Br. at 2-3).

### A.     Conversion of Rule 12(b)(1) Motion

Inherent in the power to manage its own docket, a court can consider the sufficiency of a complaint on its own initiative and dismiss a complaint *sua sponte* for failure to state a claim. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006); *Guthrie v. Tifco Indus.*, 941 F.2d

---

[2]Because Defendant did not initially move for dismissal of Plaintiff's claims under the Whistleblower or No FEAR Acts, these claims remained pending. *Baney*, 2007 WL 1944462, at *1 n.2.

374, 379 (5th Cir. 1991) (citing 5A WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE, § 1357, at 301 (1990)). The district court can only dismiss a complaint if the procedure employed is fair, which requires both notice of the court's intention and the opportunity to respond. *Carroll*, 470 F.3d at 1177 (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). Where the inadequacy of the complaint is apparent as a matter of law, the court may properly dismiss a claim on its own initiative pursuant to Rule 12(b)(6). *Hernandez v. Duncanville School Dist.*, 2005 WL 723458, at *8 n.15 (N.D. Tex. Mar. 29, 2005) (Ramirez, Mag.) (citing *Vines v. City of Dallas, Tex.*, 851 F.Supp. 254, 260 (N.D. Tex. 1994)).

The instant motion to dismiss provides Plaintiff with notice of the alleged deficiency of his pleadings under the WPA and No Fear Act. The Court also notified Plaintiff at the November 6, 2007 hearing that it was considering a *sua sponte* conversion of Defendant's motion under 12(b)(1) to a Rule 12(b)(6) motion. Despite sufficient notice and the opportunity to respond, Plaintiff has not addressed the deficiencies in either his WPA or No Fear Act claims, nor has he shown why Defendant's Rule 12(b)(1) motion should not be converted to a Rule 12(b)(6) motion. The Court therefore finds that the procedure employed was fair and hereby converts Defendant's Rule 12(b)(1) motion to dismiss to a motion made pursuant to Rule 12(b)(6). *Carroll*, 470 F.3d at 1177.

**B.     Rule 12(b)(6) Standard**

Motions to dismiss under FED. R. CIV. P. 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings

drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-plead facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-plead facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (citation omitted).[3] Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. The alleged facts must "raise a right to relief above the speculative level." *Id*. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

## C.   Whistleblower Protection Act

Plaintiff identified the WPA in his amended complaint as a basis for his claims of discrimination and retaliation. (Amend. Compl. at 2). The WPA prohibits governmental agencies from taking adverse personnel actions against employees or applicants for employment because the employee or applicant disclosed information reasonably believed to evidence a violation of the law or a gross mismanagement of funds. 5 U.S.C. § 2302(b)(8). An aggrieved employee or applicant may seek corrective action from the Merit Systems Protection Board ("MSPB") as provided for in the Civil Service Reform Act ("CSRA"). 5 U.S.C. § 1221(a). The MSPB shall order corrective

_____

[3]Although the context of the discussion in *Bell Atlantic* was the Sherman Act, nothing in the reasoning of the decision appears to limit its scope to Sherman Act claims. *Halaris v. Viacom, Inc.*, 2007 WL 4145405, at *4 (N.D. Tex. Sept. 21, 2007) (Godbey, J.).

action if the employee or applicant has demonstrated that the disclosure was a contributing factor in the personnel decision with evidence that "the official taking the personnel action knew of the disclosure" and "the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action." 5 U.S.C. § 1221(e). An employee or applicant adversely affected may appeal the decision of the MSPB; only after the MSPB has issued a final order or decision may the applicant or employee obtain judicial review. 5 U.S.C. § 1221(h)(1).

In the instant case, Plaintiff alleges that he was discriminated against on the basis of race between October 1, 2002, and January 2003. (*See* Compl. at 4). Defendant contends that the WPA claim should be dismissed for failure to state a claim because the exclusive remedial scheme of the WPA requires claims to proceed through the MSPB. (Mot. at 7). The sole case cited by Defendant in support of his motion to dismiss, *Grisham v. U.S.*, is inapposite to the instant case. (Mot. at 7) (citing 103 F.3d 24, 26-27 (5th Cir. 1997)). In *Grisham*, the Fifth Circuit dismissed the claimant's WPA claims because they were brought in conjunction with the Federal Tort Claims Act, which is precluded by the CSRA. *Grisham*, 103 F.3d at 27 (citing *Rivera v. United States*, 924 F.2d 948, 954 (9th Cir. 1991)). *Grisham* did not address WPA claims brought in conjunction with Title VII claims, and the case therefore does not support Defendant's contention that Plaintiff's WPA claims are precluded by the CSRA. Moreover, a review of the statutory language pertaining to the MSPB clearly provides for judicial review of WPA claims brought in conjunction with Title VII claims. 5 U.S.C. § 1221(h)(1); 5 U.S.C. § 7703(b)(2);

Although Plaintiff's three word WPA allegation in the amended complaint provides no explanation for how the claim relates to the appeal of his EEO decision, Plaintiff clearly asserts his

WPA claim along with his Title VII claims.  (*See* Amend. Compl. at 2).  Under the Rule 12(b)(6)

standard, the Court may not look beyond the face of the pleadings.[4]  *Baker*, 75 F.3d at 196.  Thus,

when the Court views Plaintiff's WPA allegation in the light most favorable him, his pleadings

contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl.*, 127 S.Ct. at

1974.  For this reason, the Court recommends that Defendant's motion to dismiss Plaintiff's WPA

claim be **DENIED**.

**D.    No Fear Act**

Plaintiff identified the No Fear Act in his amended complaint as a basis for his claims of

discrimination and retaliation.  (Amend. Compl. at 2).  The Notification and Federal Employee

Antidiscrimination and Retaliation Act of 2002 ("No Fear Act"), Pub. L. No. 107-174, went into

effect October 1, 2003.  5 U.S.C. § 2301, *et seq*.  The Act includes provisions which require agencies

to reimburse the Judgment Fund of the Department of Justice in cases in which there is a settlement

or an award in an employment discrimination case.  *O'Brien v. Johanns*, 2007 WL 1443674, at *3

n.7 (E.D. Ark. May 15, 2007).  The Act also requires agencies to discipline employees who are

responsible management officials in cases in which there has been a finding of discrimination.  *Id*.

Of the few courts that have considered claims made under the No Fear Act, none have found that

the Act provides a private cause of action or creates a substantive right for which the government

must pay damages.  *Glaude v. U.S.*, 2007 WL 2682957, at *2 (Fed. Cir. Sept. 7, 2007); *Pedicini v.

U.S.*, 480 F.Supp.2d 438, 459 (D. Mass. 2007); *Mills v. Barreto*, 2004 WL 3335448, at *3 (E.D. Va.

Mar. 8, 2004).

---

[4]Because Defendant did not move for summary judgment on Plaintiff's WPA claim, (*see* Mot.), the Court
cannot examine the record for evidence of exhaustion or when the allegedly unlawful personnel actions that resulted
in Plaintiff's WPA claim took place in relation to his Title VII claims.

Plaintiff does not provide any support for the proposition that the No Fear Act provides for a private cause of action. Although Plaintiff is *pro se*, he still must plead minimal factual allegations on those material elements that must be proved in order to withstand dismissal for failure to state a claim. *Williams v. Milligan*, 2006 WL 1867327, at *4 (N.D. Tex. July 6, 2006) (Lynn, J.) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). After reviewing the relevant case law, this Court agrees with the other courts that have considered the issue and finds that the No Fear Act does not provide a private cause of action or create a substantive right for which the government must pay damages. *See Glaude*, 2007 WL 2682957, at *2; *Pedicini*, 480 F.Supp.2d at 459; *Mills*, 2004 WL 3335448, at *3. Since the No Fear Act does not provide for a private cause of action, it is apparent that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Jones*, 188 F.3d at 324. The Court therefore recommends that Plaintiff's No Fear Act claim be **DISMISSED** with prejudice *sua sponte* pursuant to Rule 12(b)(6). *Guthrie*, 941 F.2d at 379; *see Carroll*, 470 F.3d at 1177 (finding reversible error in district court's *sua sponte* dismissal because parties did not have notice or an opportunity to be heard); *see also Bazrowx*, 136 F.3d at 1054-55 (*sua sponte* dismissal without prejudice was not error even though plaintiff was not given notice or an opportunity to respond) (citing *Moawad v. Childs*, 673 F.2d 850, 851-52 (5th Cir. 1982)).

### III.  MOTION FOR SUMMARY JUDGMENT

Defendant moves for summary judgment on Plaintiff's Title VII claims because they are either time barred or fail to state a claim upon which relief can be granted.[5]  (Mot. Br. at 8-12).

---

[5]Although a time bar and failure to state a claim are ordinarily raised as in a Rule 12(b)(6) motion to dismiss, Defendant clarified at the November 6, 2007 hearing that he moved for summary judgment of Plaintiff's Title VII claims pursuant to Rule 56. *See* FED. R. CIV. PROC. 12(b)(6); *Gates v. City of Dallas*, 1997 WL 405144 (N.D. Tex. July 15, 1997).

## A.   <u>Standard of Review</u>

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id*. The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, must demonstrate that no genuine issue of material fact exists. FED. R. CIV. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Id*. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman*, 954

F.2d 1125, 1131 (5th Cir. 1992).  Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial.  *Celotex*, 477 U.S. at 322-23.

**B.**     **Claims 1, 2, 4 and 5**

Defendant contends that summary judgment is appropriate on Plaintiff's Title VII claims 1, 2, 4 and 5 because they are time barred.  (Mot. Br. at 8-12).

Title VII of the Civil Rights Act prohibits discrimination against "any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2.  Federal regulations require an aggrieved federal employee to contact a counselor within 45 calendar days of the alleged discriminatory action, or, in the case of a personnel action, within 45 calendar days of the effective date of the action, before they may file a formal administrative charge with their agency's Equal Opportunity Office.  *See* 42 U.S.C. § 2000e-16; 29 C.F.R. § 1614.105.  Failure to notify the EEO counselor within this time period constitutes a failure to exhaust administrative remedies and acts as a time bar to judicial pursuit of those claims.  *See Pacheco v. Mineta*, 448 F.3d 783, 791, n. 11 (5th Cir. 2006); *see Swanson v. Perry*, 2003 WL 21356036, at *1 (5th Cir. 2003).  The time bar must be construed liberally to aid the unsophisticated *pro se* claimant but must still be exacting enough to preserve Congress's goal of voluntary compliance.  *Gordon v. Peters*, 489 F.Supp.2d 729, 732 (S.D. Tex. 2007) (citing *Pacheco*, 448 F.3d at 788; *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir.1993)).

In the instant case, Defendant argues that claims 1 ,2, 4, and 5 are time barred because claims

1, 2, and 4 fell outside the 45-day period in which an employee must contact an EEO counselor and because Plaintiff failed to state when claim 5 occurred. (Mot. Br. at 8; *see Complaint*, at 4). Plaintiff's initial contact with his EEO counselor occurred on January 17, 2003. (Mot. at Ex. 16, p. 2). Thus, for Plaintiff's complaint of discrimination to be timely, the allegedly discriminatory conduct must have occurred no earlier than December 3, 2002; any allegedly discriminatory conduct occurring before this date would be time barred. *See* 42 U.S.C. § 2000e-16. Based upon the statutory regulations and a strict application of 45 days from the date of initial contact, Defendant has shown that claims 1, 2, and 4 are 63, 31, and 32 days late, respectively. *Pacheco*, 448 F.3d at 791, n. 11; *Celotex*, 477 U.S. at 323. Additionally, Defendant has identified Plaintiff's failure to state the date on which claim 5 occurred. *See Keeley v. Cisco Sys.*, 2003 WL 21919771, *3 (N.D. Tex. Aug. 8, 2003) (Fitzwater, J.) (a defendant can meet its summary judgment obligation by pointing the court to the absence of evidence to support a required element of a plaintiff's case).

The burden now shifts to Plaintiff to show that claims 1, 2, 4, and 5 are timely. *Celotex*, 477 U.S. at 324. Plaintiff does not address Defendant's timeliness argument; he did not file a response, and his supplemental brief merely restates the dates of the allegedly discriminatory acts and makes a conclusory assertion that he did not fail to exhaust administrative remedies. (*See* Pl. Supp. Br. at 2-3). The Court is mindful that it must liberally construe the time bar requirement for unsophisticated *pro se* litigants. *See Gordon*, 489 F.Supp.2d at 732. Under federal regulations governing Title VII complaints by federal employees, Plaintiff is entitled to an extension of the 45-day period if he can show he was not notified of the time limits and was not otherwise aware of them; he did not know and reasonably should not have known when the discriminatory matter occurred; or despite due diligence he was prevented by circumstances beyond his control from

contacting the counselor within the time limits.  29 C.F.R. § 1614.105(a)(2); *Pacheco v. Rice*, 966 F.2d 904, 906 (5th Cir. 1992) (the 45-day time limit for EEO complaints is subject to the traditional equitable defenses of waiver, estoppel, and tolling).  Plaintiff has not brought forth any evidence to show that any of these exceptions to the 45-day period apply to his situation.  *Wilson v. Sec'y, Dept. of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995) (plaintiff bears the burden of showing equitable tolling is justified in a particular case).   The record reflects that he was aware of the confusion regarding his paperwork while he was in Galveston, and he was in contact with his supervisor and time keeper via cell phone prior to returning to work.  (Mot. Ex. 12; Pl. App. at Ex. 58, p. 24; Pl. App. at Ex. 59, p. 26).  Moreover, Plaintiff has not shown that he was unable to file his complaint while he was in Galveston.  The Court therefore finds that Plaintiff is not entitled to an extension of the 45-day period.  *Davis v. Johnson*, 158 F.3d 806, 811 811 (5th Cir. 1998) (equitable tolling applies only in rare and exceptional circumstances).

For the foregoing reasons, the Court finds that even under a liberal construction of the events in question, Defendant has shown there is no genuine issue of material fact that claims 1, 2, 4, and 5 are time barred because Plaintiff did not file his EEO complaint within 45 days of the allegedly discriminatory incidents.  *Pacheco*, 448 F.3d at 788.  Accordingly, Defendant's motion for summary judgment on claims 1, 2, 4, and 5 should be **GRANTED**.

## C.    Claim 3

The Court next considers Plaintiff's Title VII claim 3, in which he alleges that sometime between December 2002 and January 2003 his medical, dental, and life insurance benefits were stopped or removed for racially discriminatory reasons.  (Compl. at 4).  Defendant asserts that Plaintiff failed to state a claim under which relief can be granted because he fails to allege an

element of a *prima facie* case of discrimination, i.e., an adverse employment action. (Mot. at 11).

## 1.     Title VII Framework

Claims for racial discrimination in the employment context are analyzed under Title VII's well established burden-shifting paradigm. "First, the plaintiff must establish by a preponderance of the evidence a *prima facie* case of discrimination." *Nichols v. Lewis Grocer*, 138 F.3d 563, 566 (5th Cir. 1998). A plaintiff may establish a *prima facie* case of racial discrimination through either direct evidence, statistical proof, or the test established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Urbano v. Continental Airlines, Inc.*, 138 F.3d 204, 206 (5th Cir. 1998). Under the framework set forth in *McDonnell Douglas*, a plaintiff must show that he (1) belongs to a protected group; (2) was qualified for his position; (3) suffered an adverse employment action; and (4) was replaced by or was treated less favorably than a similarly qualified individual outside the protected class. *See McDonnell Douglas*, 411 U.S. at 802.

A defendant can meet its summary judgment obligation by pointing the court to the absence of evidence to support a required element of a plaintiff's case. *See Keeley*, 2003 WL 21919771, *3 (noting that although the defendant did not explicitly argue that plaintiff had failed to establish a *prima facie* case, the defendant had satisfied its summary judgment burden by pointing to the absence of evidence to support one prong of the *prima facie* case) (citing *Celotex Corp.*, 477 U.S. at 325). This is because the defendant will not have the burden at trial concerning the elements of the plaintiff's *prima facie* case. *Id.*

If, however, the plaintiff establishes a *prima facie* case, an "inference of intentional discrimination" arises. *LaPierre v. Benson Nissan, Inc.*, 86 F.3d 444, 448 (5th Cir. 1996). The burden of production then shifts to the defendant to articulate a legitimate, non-discriminatory

reason for the challenged employment action. *Okoye v. Univ. of Texas Houston Health Science Ctr.*, 245 F.3d 507, 512 (5th Cir. 2001) (citing *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 142 (2000)). Once the defendant has met its burden of production and responded with a legitimate, non-discriminatory reason for the employment action,

> the plaintiff must then offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic (mixed-motive[s] alternative).

*Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 341 (5th Cir. 2005) (citing *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004)). Under the pretext alternative, the plaintiff must introduce "some evidence, whether circumstantial or direct, that permits the jury to believe that the reason was false and that illegal discrimination was the actual reason." *Nichols*, 138 F.3d at 566. Under the mixed-motive alternative, a plaintiff need only present sufficient evidence for a reasonable jury to conclude that the protected characteristic was a motivating factor for the employment practice; direct evidence is not needed. *Desert Palace*, 539 U.S. at 101. However, "[t]he question of pretext versus mixed-motive treatment is only reached after a plaintiff has met his *prima facie* showing under the modified *McDonnell Douglas* standard and the defendant has responded with a legitimate nondiscriminatory reason." *Keelan*, 407 F.3d at 341.

### 2. Adverse Employment Action

The Fifth Circuit has a strict interpretation of the "adverse employment action" element of the *prima facie* case for discrimination under Title VII. *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 282 (5th Cir. 2004). An adverse employment action must be an "ultimate employment decision" such as hiring, firing, promoting, demoting, compensating, and granting leave. *Id.*; *see also Dollis*,

77 F.3d at 781-782 (stating that "Title VII was designed to address ultimate employment decisions, not to address every decision made by employers that arguably might have some tangential effect upon those ultimate decisions."). "An employment action that 'does not affect job duties, compensation, or benefits' is not an adverse employment action for purposes of Title VII." *Pegram*, 361 F.3d at 282 (quoting *Banks v. East Baton Rouge Parish Sch. Bd.*, 320 F.3d 570, 575 (5th Cir. 2003)).

Defendant's sole basis for summary judgment on claim 3 is that Plaintiff cannot show the third prong of the *McDonnell Douglas* test, that he suffered an adverse employment action. (Mot. at 11-12). Defendant contends that the suspension of medical, dental, and life insurance benefits does not constitute an adverse employment action, but provides no case law to support this assertion. (*See* Mot. at 11; Def. Supp. Br.; Reply at 7-8.). Instead, Defendant cites to *Burlington Northern and Santa Fe Ry. v. White* for the proposition that "the anti-discrimination provision of Title VII explicitly limits its application to actions that affect employment status or alter conditions of the workplace." (Mot. at 11) (citing 126 S.Ct. 2405, 2411-12 (2006)).

A more complete reading of the portion cited to by Defendant includes the statutory language of Title VII's anti-discrimination provision, which makes it unlawful for an employer

> (1) *to fail or refuse to hire or to discharge* any individual, or otherwise to discriminate against any individual *with respect to his compensation, terms, conditions, or privileges of employment*, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way *which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee*, because of such individual's race, color, religion, sex, or national origin.

*Burlington Northern*, 126 S.Ct. at 2411 (citing 42 U.S.C. § 2000e-2(a)) (emphasis in the original).

- 16 -

The Supreme Court found that "[t]he underscored words in the substantive provision – 'hire,' 'discharge,' 'compensation, terms, conditions, or privileges of employment,' 'employment opportunities,' and 'status as an employee' – explicitly limit the scope of that provision to actions that affect employment or alter the conditions of the workplace." *Id*. at 2411-12.  However, this language does not address whether insurance benefits are "terms, conditions, or privileges of employment," and Defendant does explain how cessation of these benefits, even if temporary, did not adversely affect as a matter of law Plaintiff's status as an employee.

Defendant cites two additional cases in his reply, but neither supports the proposition that the cessation of insurance benefits does not constitute an adverse employment action for Title VII purposes.  The first case cited by Defendant, *Willis v. Coca Cola Enters., Inc.*, affirmed the district court's grant of summary judgment because the plaintiff failed to adduce evidence that the defendant's legitimate, non-discriminatory reason was pretextual.  (Reply at 7) (citing 445 F.3d 413, 420 (5th Cir. 2006)).  *Willis* did not address the showing of a *prima facie* case of discrimination, which is the issue in the instant case.  *Willis* never discussed what constitutes an adverse employment action, and the parenthetical supplied by Defendant is wholly unsupported by the case.

The second case cited by Defendant, *Pryor v. Wolfe*, is of limited precedential value; moreover, it actually *supports* the notion that the temporary cessation of insurance benefits constitutes an adverse employment action.  (Reply at 7) (citing 196 Fed. Appx. 260, 262-63 (5th Cir. 2006)).  In *Pryor*, the Fifth Circuit reversed and remanded the district court's dismissal of plaintiff's retaliation claim because it found that temporarily withholding a paycheck met both the "materially

adverse" standard applicable to retaliation claims after *Burlington Northern*[6] and the previously applicable and more stringent "ultimate employment decision" standard that still applies to discrimination claims. *Pryor*, 196 Fed. Appx. at 263. Although not precedential, *Pryor* therefore suggests that the temporary cessation of insurance benefits would constitute an adverse employment action under Title VII's anti-discrimination provision. *See also E.E.O.C. v. Dunbar Diagnostic Servs., Inc.*, 92 Fed. Appx. 83, 84 (5th Cir. 2004) (non-precedential decision finding that denial of insurance benefits is an adverse employment action).

Finally, the statutory language of Title VII's anti-discrimination provision indicates that insurance benefits are a term, condition, or privilege of employment and that their cessation, even if temporary, would adversely affect Plaintiff's status as an employee. *See* 42 U.S.C. § 2000e-2(a). The few courts that have expressly addressed this issue found that the denial or temporary cessation of insurance benefits is either an adverse employment action as a matter of law or, at the very least, a question of fact. *See Gill v. North Greene Unit School Dist. No. 3*, 2007 WL 4293500, at *8 (C.D. Ill. Dec. 5, 2007) (finding that whether the school district's cessation of health insurance benefit payments while employee was on temporary leave was an adverse employment action was an issue of fact); *Lewis v. K2 Indus. Servs., Inc.*, 2007 WL 3442189, at *6 (M.D. Ala. Nov. 14, 2007) (plaintiff established a *prima facie* case because denial of insurance benefits is an adverse employment action).

In sum, Defendant's narrow attack on claim 3 of Plaintiff's complaint fails to show that the suspension of health, dental, and life insurance benefits is not an adverse employment action. Since

---

[6]*Burlington Northern* changed the standard for "adverse employment actions" in retaliation claims, but it did not change the standard for discrimination claims. *McCoy v. City of Shreveport*, 492 F.3d 551, 559-60 (5th Cir. 2007); *Dixon v. Moore Wallace, Inc.*, 2006 WL 1949501, at *8 n. 13 (N.D. Tex. July 13, 2006) (Fitzwater, J.).

Defendant does not move for summary judgment on any other grounds,[7] the Court finds that Defendant has not met his burden to show that no genuine issue of material fact remains for trial regarding Plaintiff's allegation of racial discrimination in the suspension of his insurance benefits. *Celotex*, 477 U.S. at 323. Defendant's motion for summary judgment for claim 3 should therefore be **DENIED**.

## IV. PLAINTIFF'S MOTION TO DENY SECOND MOTIONS

Plaintiff's *Motion to Deny Second Motion to Dismiss and Deny Motion for Summary Judgment* argues that (1) the discrimination claims against the individual defendants should not be dismissed as a matter of law, (2) the Court has jurisdiction over his Title VII claims because he did not fail to exhaust administrative remedies, and (3) the Court has jurisdiction to hear his USERRA Claims. These claims are not at issue in the instant motion, but rather, were the subject of Defendant's first motion to dismiss. The District Court ruled on these claims when it accepted the findings and recommendation dated May 24, 2007, without objection. To the extent that Plaintiff's motion seeks reconsideration of the District Court's previous ruling on these claims, the motion should be **DENIED** for the same reasons set forth in the May 24, 2007 findings and recommendation.

Plaintiff's motion further seeks additional time to file a response to Defendant's supplemental brief. Plaintiff has had ample opportunity to respond to the motion to dismiss and motion for summary judgment by filing a response as permitted by the local rules (which he did not do), by presenting argument at the November 6, 2007 hearing, and by filing a supplemental brief and

---

[7]Defendant did not address the fourth prong of a *prima facie* case (less favorable treatment than a similarly qualified individual outside the protected class), nor did he proffer a legitimate, non-discriminatory reason for the challenged employment action. *See McDonnell Douglas*, 411 U.S. at 802; *Okoye*, 245 F.3d at 512.

appendix based on the order of the Court. Accordingly, the motion for additional time to respond to the supplemental briefing is **DENIED**.

Finally, Plaintiff also seeks appointment of counsel by this motion, and this request is also **DENIED**. Plaintiff has not shown "exceptional circumstances" warranting the appointment of counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982); *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991).

## V. CONCLUSION

For the reasons stated above, the Court recommends that *Defendant's Second Motion to Dismiss and Motion for Summary Judgment* be **GRANTED** in part and **DENIED** in part.

(1)     Defendant's *Second Motion to Dismiss* should be **DENIED** for Plaintiff's Whistleblower Protection Act claim.

(2)     Plaintiff's claims relating to the No Fear Act should be **DISMISSED** with prejudice *sua sponte* pursuant to Rule 12(b)(6).

(3)     Defendant's *Motion for Summary Judgment* should be **GRANTED** as to Plaintiff's Title VII claims of falsification of government documents, AWOL status, annual leave and sick leave, and seniority in work schedule (claims 1, 2, 4, and 5). These claims should be dismissed, with prejudice.

(4)     Defendant's *Motion for Summary Judgment* should be **DENIED** as to Plaintiff's Title VII claim regarding the suspension of medical, dental, and life insurance benefits (claim 3).

The Court further recommends that Plaintiff's *Motion to Deny Second Motion to Dismiss and Deny Motion for Summary Judgment* be **DENIED**. Plaintiff's requests for additional time and for appointment of counsel, included therein, are hereby **DENIED**.

**SO RECOMMENDED** on this 9th day of January, 2008.

**IRMA CARRILLO RAMÍREZ**
**UNITED STATES MAGISTRATE JUDGE**

- 20 -

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985)*; Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE