IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN-PIERRE BANEY, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:06-CV-2064-L** |
| | § | |
| MICHAEL MUKASEY,[1] | § | |
| | § | |
| Defendant. | § | |

# ORDER

Before the court are Defendant's Second Motion to Dismiss and Motion for Summary Judgment, filed July 2, 2007, and Plaintiff's Motion to Deny Second Motion to Dismiss and Deny Motion for Summary Judgment, filed December 5, 2007.[2] On January 22, 2007, the case was referred to United States Magistrate Judge Irma C. Ramirez for pretrial management, including the determination of nondispositive motions and issuance of findings of fact and recommendations for dispositive motions. On January 9, 2008, the Findings and Recommendation of the United States Magistrate Judge ("Report") was filed. Defendant filed objections to the Report on January 18, 2008.

---

[1]Effective November 9, 2007, Michael Mukasey succeeded Alberto Gonzales as the United States Attorney General. Under Rule 25(d), Fed. R. Civ. P., Michael Mukasey "is automatically substituted as a party." The clerk of the court is **directed** to change the docket sheet to reflect Michael Mukasey as Defendant.

[2]Plaintiff filed a motion to deny, but did not file a response to Defendant's Second Motion to Dismiss and Motion for Summary Judgment.

**Order – Page 1**

This is a *pro se* employment discrimination and civil rights action.[3] With respect to Defendant's Second Motion to Dismiss and Motion for Summary Judgment, Magistrate Judge Ramirez found that Plaintiff's pleadings were sufficient to state a claim upon which relief could be granted under the Whistleblower Protection Act and recommended that the court deny Defendant's Motion to Dismiss as to this claim. Because the No FEAR Act does not provide for a private cause of action and Plaintiff could, therefore, not set forth suffiecient facts in support of this claim that would entitle him to relief, Magistrate Judge Ramirez also recommended that, pursuant to Fed. R. Civ. P. 12(b)(6), the court *sua sponte* dismiss Plaintiff's claim under the No FEAR Act with prejudice. Magistrate Judge Ramirez further found that Plaintiff's Title VII claims of falsification of government documents, placement on Absent Without Official Leave ("AWOL") status, termination of annual and sick leave, and loss of seniority in the work schedule were time barred. She recommended that the court grant Defendant's Motion for Summary Judgment as to these claims. Finally, Magistrate Judge Ramirez found that the Government had not met its burden of showing that no genuine issue of material fact existed as to Plaintiff's Title VII claim regarding the termination of his medical, dental, and life insurance benefits and recommended that the court deny Defendant's Motion for Summary judgment as to this claim.

---

[3]Plaintiff's civil rights action is based on the decision of the Equal Employment Opportunity Commission ("EEOC"), which determined that he failed to establish his claim of employment discrimination. In his amended complaint, Plaintiff also alleges discrimination and retaliation based on his military status, citing the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), the Notification and Federal Employee Antidiscrimination and Retaliation Act of 2002 ("No FEAR Act") and Whistleblower Protection Act. After dismissing several claims and Defendants, the court stated in its order dated June 27, 2007, that only Plaintiff's Title VII claim against Michael Mukasey, his claims under the No FEAR ACT, and his claims under the Whistleblower Protection Act remained for disposition.

It appears that the magistrate judge treated the Amended Complaint as a supplement to the Original Complaint rather than a superseding pleading. Because the court determines that it is not prudent to exalt procedure over substance at this juncture, it will also treat the Amended Complaint as a supplement to the Original Complaint.

With respect to Plaintiff's Motion to Deny Second Motion to Dismiss and Deny Motion for Summary Judgment, Magistrate Judge Ramirez made several findings. First, she found that the court ruled on these arguments in its order dated June 27, 2007. Next, she found that Plaintiff had an adequate opportunity to respond to Defendant's motion and recommended that the court deny Plaintiff's request for additional time to respond to Defendant's Second Motion to Dismiss and Deny Motion for Summary Judgment. Finally, the magistrate judge found that Plaintiff had not shown exceptional circumstances warranting the appointment of counsel and recommended that the court deny such request.

The Government has made two objections to the Report. First, the Government objects to the magistrate judge's finding that Plaintiff's pleadings were sufficient to state a claim under the Whistleblower Protection Act. The Government argues for the first time in its objections that Plaintiff's claim is insufficient because he failed to exhaust his administrative remedies as to this claim. Just as a movant cannot raise an issue for the first time in a reply, a party may not raise an issue for the first time in an objection to a magistrate judge's findings and recommendation. Because the Government did not advance this argument before the magistrate judge (in its motion, brief, supplemental brief, or at the hearing conducted by the magistrate judge), it may not advance this argument now. *Fireman's Ins. Co. of Newark, N.J. v. Todesca Equip. Co.*, 310 F.3d 32, 38 (1st Cir. 2002); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *Chisolm v. Headley*, 58 F. Supp. 2d 281, 284 n.2 (S.D.N.Y. 1999) (citing *Harris v. Pulley*, 885 F.2d 1354 (9th Cir. 1988); *Aikens v. Shalala*, 956 F. Supp. 14, 19 (D. D. C. 1997) (citing *Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988). Accordingly, the court **overrules** this objection.

Second, the Government objects to the magistrate judge's findings that denial of insurance benefits constitutes an adverse employment action and that the Government had not met his burden of showing that no genuine issue of material fact existed as to Plaintiff's allegation of racial discrimination in the termination of his insurance benefits. As the magistrate judge correctly noted, the Government's attack on Plaintiff's claim was extremely narrow and read: "Plaintiff has failed to assert that any of the alleged discriminatory actions affected his employment status or otherwise altered the conditions of his workplace." Def.'s 2d Mot. 11. The Government now argues that it presented evidence that Plaintiff's health and dental benefits were never terminated and that his life insurance benefits terminated by operation of law because his leave- without- pay status exceeded 365 days. These arguments fail on two grounds. First, the arguments were not advanced before the magistrate judge and may not be advanced now. Second, the evidence that the Government purports to have "presented" was included in a 137-page appendix to its motion with no specific references to such evidence. The court has no duty to sift through the record in search of support for arguments that have not been advanced.[4] Accordingly, the court also **overrules** this objection.

Having reviewed the magistrate judge's Report, the motions, briefs, record, and applicable law, the court determines that the findings and conclusions are correct. The magistrate judge's findings and conclusions are therefore **accepted** as those of the court. Accordingly, the court **grants** Defendant's Second Motion to Dismiss and Motion for Summary Judgment as to Plaintiff's No FEAR Act claim and all of Plaintiff's Title VII claims, except his allegation of racial discrimination in the termination of his insurance benefits, and **dismisses** these claims with prejudice. The court **denies** Defendant's Second Motion to Dismiss and Motion for Summary Judgment as to Plaintiff's

---

[4]Moreover, one of the exhibits to which the Government refers the court, Exhibit 13, is not included in the appendix.

Whistleblower Protection Act claim and Plaintiff's Title VII allegation that his insurance benefits were terminated. The court also **denies** Plaintiff's Motion to Deny Second Motion to Dismiss and Deny Motion for Summary Judgment and all relief therein requested.

    **It is so ordered** this 14th day of March, 2008.

                                            Sam A. Lindsay
                                            United States District Judge