IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN-PIERRE BANEY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:06-CV-2064-L (BH) |
| § | |
| MICHAEL MUKASEY, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS**

Pursuant to the District Court's *Order of Reference*, filed September 25, 2008, Plaintiff's *Motion for the Appointment of Counsel*, filed August 21, 2008 (Docket #90), was referred to this Court for proposed findings of fact and recommendation for disposition. Having reviewed Plaintiff's motion and the law applicable to the issues raised, the Court recommends that Plaintiff's motion be **DENIED**.

On June 30, 2008, the District Court entered judgment on Plaintiff John-Pierre Baney's ("Plaintiff") claims of racial discrimination under 42 U.S.C. § 2000e, *et seq*. (Title VII), and alleged violations of 38 U.S.C. § 4301, *et seq*. (Uniformed Services Employment and Reemployment Rights Act ("USERRA")), 5 U.S.C. § 2301, *et seq*. (No FEAR Act), and 5 U.S.C. § 2302(b)(8) (Whistleblower Protection Act). The District Court dismissed all claims, except the USERRA claim, with prejudice; the USERRA claim was dismissed without prejudice since jurisdiction is proper in the Court of Appeals for the Federal Circuit, not the District Court. (Docket #84; *see* docket #13 at 7; docket #22). Plaintiff filed a notice of appeal of the District Court's judgment on August 21, 2008. (Docket #87). He now moves for the appointment of counsel on appeal to the

Fifth Circuit.

"Generally, when an appeal is taken, the district court is divested of jurisdiction except to take action in aid of the appeal until the case is remanded to it by the appellate court, or to correct clerical errors under Rule 60(a)." *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1407-08 n.3 (5th Cir. 1994). Since the issue of whether the Court should appoint counsel to assist Plaintiff in prosecuting his appeal is an "action in aid of the appeal," the District Court retains jurisdiction to consider Plaintiff's motion. *See id.*

Plaintiff's Whistleblower Protection Act and No FEAR Act claims arise in conjunction with his Title VII claims, which form the basis of his suit against Defendant. Title VII provides for the appointment of an attorney upon request "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). There is no automatic right, however, to the appointment of counsel. *Gonzales v. Carlin*, 907 F.2d 573, 579 (5th Cir. 1990) (citing *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977)). The Court must consider: (1) the financial ability of the plaintiff to retain counsel; (2) the efforts taken to obtain a lawyer; and (3) the merits of the claims. *Id.* at 580 (citing *Caston,* 556 F.2d at 1309; *Neal v. IAM Local Lodge 2386*, 722 F.2d 247, 250 (5th Cir. 1984)). "No single factor is conclusive." *Gonzales*, 907 F.2d at 580; *see also Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). Other circuits also consider the plaintiff's ability to present his case in Title VII suits. *See, e.g., Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003); *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir.1992); *Hunter v. Dep't of Air Force Agency*, 846 F.2d 1314, 1317 (11th Cir.1988).

With regards to the first factor, the financial ability to retain counsel, Plaintiff presented no affidavit relating to his ability to pay costs and fees. (*See* Mot.). Additionally, the Court previously

considered Plaintiff's financial situation and found that he was not entitled to proceed *in forma pauperis* on appeal because he reported a monthly income of $5,100. (Docket #92). With regards to the second factor, the efforts taken to retain counsel, Plaintiff presented no information on his efforts to obtain counsel from either individual attorneys or legal aid services. (*See* Mot.). Instead, he asserted that he was unable to obtain counsel because he is an employee of the Federal Bureau of Prisons, but provided no explanation for how this prevented him from obtaining counsel. With regards to the third factor, the merits of Plaintiff's claims, his action borders on frivolous. His Title VII claims were dismissed because they were either time barred or because he failed to establish a *prima facie* case of racial discrimination. (Docket #51 at 12; #80 at 11). His No FEAR Act claim was dismissed for want of a private cause of action, and his Whistleblower Protection Act claim was dismissed for failure to exhaust administrative remedies. (Docket #51 at 9; #80 at 8). Additionally, the Court notes that up to this point, Plaintiff has demonstrated an adequate ability to present his case.

Considering the three *Gonzales* factors as well as Plaintiff's ability to present his case, all weigh heavily against the appointment of counsel. *Gonzales*, 907 F.2d at 580; *Ferrelli*, 323 F.3d at 203. The Court therefore recommends that Plaintiff's *Motion for the Appointment of Counsel* be **DENIED**.

**SO RECOMMENDED** on this 30th day of September, 2008.

  
**IRMA CARRILLO RAMIREZ**  
**UNITED STATES MAGISTRATE JUDGE**

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985)*; Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE