IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JOHN-PIERRE BANEY**, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:06-CV-2064-L** |
| § | |
| **ERIC HOLDER,** *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Eric Holder's Motion to Dismiss, filed December 30, 2009; twenty-three motions for injunction and protective relief (docket #119 - #141), all filed February 16, 2010; and Plaintiff's Motion to Supplement Pleadings Pursuant to F. R. Cv. P. 15 (docket #118), filed February 16, 2010. For the reasons stated herein, the court determines that it **lacks** jurisdiction to entertain these motions.

On June 30, 2008, the court issued a judgment in this case dismissing all claims asserted by John-Pierre Baney ("Plaintiff" or "Baney"). The court dismissed Plaintiff's Uniformed Services Employment and Reemployment Rights Act ("USERRA") claim **without prejudice** and dismissed all other claims against all defendants **with prejudice**. The clerk entered the court's judgment on July 1, 2008, and Baney appealed the judgment on August 21, 2008. The United States Court of Appeals for the Fifth Circuit dismissed Baney's appeal on December 9, 2009, and this court received the dismissal and mandate on December 16, 2009.

Originally, Alberto Gonzales, the United States Attorney General at the time Baney filed this action, was the lead defendant. Michael Mukasey later succeeded Alberto Gonzales as Attorney General. On March 14, 2008, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the

**Memorandum Opinion and Order - Page 1**

court ordered the clerk of the court to substitute Michael Mukasey in place of Alberto Gonzales. Under Rule 25(d) when a public official is sued in his official capacity, that official's "successor is automatically substituted as a party." Eric Holder succeeded Michael Mukasey as Attorney General, and when the Fifth Circuit issued its mandate in December 2009 and returned it to this court, Eric Holder was substituted in place of Michael Mukasey pursuant to Rule 25(d). As all claims had been dismissed against Eric Holder's predecessors, his current motion to dismiss is unnecessary.

The court decided all claims on the merits, except for Baney's USERRA claim, when it issued its judgment. Baney appealed, the appeal was dismissed for want of prosecution, and the Fifth Circuit issued its mandate. As the Fifth Circuit has stated: "[O]nce a case has been decided on appeal to this Court, a lower court is not free to alter our mandate." *United Indus., Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 764 (5th Cir. 1996); *see also Harris v. Sentry Title Co., Inc.,* 806 F.2d 1278, 1279 (5th Cir. 1987) ("It cannot be disputed that when further proceedings in the trial court are specified in the mandate of the Court of Appeals, the district court is limited to holding such as are directed.") (internal punctuation omitted).

The Fifth Circuit did not direct this court to take any further action consistent with its mandate. Once the Fifth Circuit issued its mandate, there was nothing that this court could do absent instruction from the Fifth Circuit; it was without jurisdiction to act. The appeal was dismissed. Nothing remained to be done by this court, and there is nothing this court can do, even if it so desired. Moreover, once a case is appealed, the district court is generally divested of jurisdiction "until the case is remanded to it by the appellate court." *Travelers Ins. Co. v. Liljeberg Enterp.*, 38 F.3d 1404, 1407-08 n.3 (5th Cir. 1994). Baney cites no authority that provides an exception in this case to the general rule. This case was not remanded with instructions; the appeal was dismissed,

**Memorandum Opinion and Order - Page 2**

and this court lacks jurisdiction to entertain any of the motions. Accordingly, the court **denies** all pending motions for lack of jurisdiction.[*]

**It is so ordered** this 16th day of April, 2010.

Sam A. Lindsay
United States District Judge

---

[*]Even if this court had jurisdiction, there would be no basis to grant any injunctive or protective relief, or permit Baney to supplement his pleadings, because he has not met the standards to show his entitlement to relief under Rules 65 and 15(d) of the Federal Rules of Civil Procedure.

**Memorandum Opinion and Order - Page 3**